UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                     )<br>)<br>REYLANDO REYES,                 )<br>a/k/a REYLANDO RISE,            )<br>a/k/a RAYNALDO RISE,            )<br>a/k/a RAYLANDO RISE,            )<br>a/k/a RAY RISE,                 )<br>)<br>    Defendant.                 ) | CRIMINAL NO.  05-10113-DPW |

### JOINT INITIAL STATUS MEMORANDUM

Pursuant to Local Rule 116.5(A), the parties hereby submit this Joint Initial Status Report to advise the Court of the following:

1. Government's disclosure of automatic discovery was just submitted on July 1, 2005.[1]  As such, the parties have not yet been able to assess whether any letters requesting discovery and/or motions for discovery will need to be filed.  Therefore, the parties seek relief from the otherwise applicable timing requirements imposed by L.R. 116.3.

2. The defendant and government seek discovery concerning any expert witnesses, pursuant to Fed. R. Crim. P. 16(a)(1)(G).  The government has agreed to provide the defendant with discovery concerning any expert witnesses forty-five (45) days before trial, and the defendant has agreed to provide the government with any reciprocal discovery concerning expert witnesses within forty-five (45) days of trial as required under Fed. R. Crim. P. 16(b)(1)(C).

3. Although the government has provided the defendant with all documents and other discoverable materials in this case pursuant to automatic discovery, the government may receive additional discoverable information, which

---

[1] The actual due date for disclosure of the government's automatic discovery was June 2, 2005.  However, due to other pressing matters, the government sought an extension for compliance, for which counsel for the defendant gave his assent.

   it will turn over to the defense.  Additionally, the defendant does not presently have any discoverable information, but pursuant to their agreement to provide reciprocal discovery, will provide the government with any such information received in the future.

4. Because defense counsel only received the government's automatic discovery submission this week, he has not yet been able to make a determination as to whether he will be filing any dispositive motions in this case, and, therefore, requests additional time to consider this option before the Court establishes a motion date under Fed. R. Crim. P. 12.

5. The parties also request that the period between May 5, 2005 (date of arraignment) and the date of the next scheduled Status Conference be excluded under the Speedy Trial Act.

6. At the time of this writing, the parties have not yet been able to assess whether a trial will be necessary in this case.

7. The parties request that an Interim Status Conference be scheduled for a date in mid to late August, 2005.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney | REYLANDO REYES,<br>A/K/A REYLANDO RISE<br>Defendant |
| By: /s/Antoinette E.M. Leoney<br>ANTOINETTE E.M. LEONEY<br>Assistant U.S. Attorney<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3103 | /s/Elliot Weinstein/AEL<br>Elliot Weinstein, Esq.<br>228 Lewis Wharf<br>Boston, MA 02110<br>(617) 367-9334 |

Dated: July 6, 2005