**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
FAX: 617-223-8080

December 23, 2005

Antoinette E. M. Leoney, Esq.
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   United States v. Reylando Reyes; Criminal No. 05-10113-DPW

Dear Ms. Leoney:

Pursuant to Local Rule 116.3(A) and our recent conversations, I am putting in writing the following discovery requests.

1.   Statements of Defendant

You produced certain reports containing statements allegedly made by my client to law enforcement, I request any and all written notes regarding those statements. This discovery clearly is required by Fed. R. Crim. P. 16(a)(1)(B)(ii), which provides for discovery of "any written record containing the substance of any relevant oral statement..." In no way limiting this request, the defendant specifically requests any written notes regarding his alleged statement to Officer Cogavin that he "just found that [the bullet] in front of my house. I forgot about it."

2.   Documents and Objects

The following items are material to preparing Mr. Reyes' defense and we ask that you produce them.

A)   the Boston Police Incident Report indicates that Officers Laham and Cogavin knew Mr. Reyes based on "prior incidents and information from fellow officers." You have produced certain Incident Reports and Field Interrogation Observation reports

FEDERAL DEFENDER OFFICE

regarding prior incidents involving Mr. Reyes, please confirm that the produced documents are a complete record of the officers' involvement with Mr. Reyes. If there are additional Field Interrogation Observation reports I ask that you produce them. In addition, please provide all information that the above officers received "from fellow officers" regarding Mr. Reyes. Note that this information is also discoverable pursuant to Rule 116.2 (B) (1)(b) as information that "would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress."

C)    Any and all documents, in addition to Bates Numbers 013 - 015, that reflect that Officers Laham and/or Cogavin ran a query of Mr. Reyes' drivers license with the Registry of Motor Vehicles prior to stopping the car he was in on February 27, 2005.

D)    photographic copies of each page of the black and white composition notebook that was allegedly seized from the defendant at the time of his arrest.

E)    copies of any evidence tags (or other police reports pertaining to collection of evidence) attached to or associated with any evidence seized (including the bullet) as a result of the search of the car in which the defendant was in.

F)    In addition to the Interstate Nexus report that you provided, please provide all documents and other materials and information you have concerning the origin of the bullet at issue in this case. Including but not limited to the city and state where the bullet was manufactured.

G)    In your discovery letter dated July 1, 2005 addressed to prior counsel for Mr. Reyes, you indicate that you have provided copies of the Boston Miranda Warning Form and Electronic Recording of Interview Form at Bates No. 128 and 129. These specific bates numbers do not correspond to any such documents and no such documents were provided to me in your discovery disclosure. Kindly provide me with the copies of the Boston Miranda Warning Form and Electronic Recording of Interview Form.

3.    Reports of Examinations and Tests

The defendant hereby requests an opportunity to inspect all tangible property and/or evidence in this case, including but not limited to the bullet, money, cocaine, Motorola cell phone, handcuff key, black and white composition notebook, and marijuana seized from the defendant at the time of his arrest. In addition, defendant hereby requests an opportunity to inspect all tangible property recovered from the defendant at the time he was arrested on a federal arrest warrant for charges contained in the instant indictment.

**FEDERAL DEFENDER OFFICE**

4.      <u>Exculpatory Evidence</u>

All information about whether any law-enforcement agent (including any Boston Police officer) participating in the investigation, arrest, or trial of Mr. Reyes has been the subject of an investigation for disciplinary action, disciplinary action or criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

5.      <u>Expert Witnesses</u>

The defendant hereby requests a written summary of any testimony that the government intends to use under rules 702, 703, or 705 of the Federal Rules of Evidence including but not limited to the opinion, bases and reasons for Special Agent Philip Ball's opinion that the bullet was manufactured outside of the State of Massachusetts. Furthermore, please produce all documents that pertain to Mr. Ball's qualifications and training as an interstate nexus examiner and all cases in which he has previously testified as an expert.

I have no reciprocal discovery at this time.

Please call me if you have any questions about these requests or wish to discuss them further.

Sincerely,

Stellio Sinnis

cc.      Mr. ~~Jerrett Jerrett~~, Deputy Courtroom Clerk to the Honorable Joyce London Alexander
Mr. Reylando Reyes