U.S. Department of Justice   

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*    United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

December 22, 2005

**BY HAND**
Stylianus Sinnis, Esq.
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210

Re: United States v. Reylando Reyes, a/k/a Reylando Rise,
     a/k/a Raynaldo Rise, a/k/a Raylando Rise, a/k/a Ray Rise
     Criminal No. 05-10113-DPW

Dear Attorney Sinnis:

In response to your telephone call received on this date, I have reviewed the government's automatic discovery letter, dated July 1, 2005, and addressed to former defense counsel, Elliot Weinstein, and found certain errors in that letter, which I wish to correct. First let me say that I apologize for any inconvenience that this may have caused you and your client.

Please find below, the government's corrected/amended version of the July 1, 2005 automatic discovery. I have not included the bates numbered documents with this submission, as it is my understanding that you were provided with those documents by Attorney Weinstein.

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.  **Rule 16 Materials**

   1.  **Statements of Defendant under Rules 16 (a)(1)(A) & (B)**

       a.  **Defendant's Relevant Oral Statements to Then Known Government Agents**

On 2/27/05, following a motor vehicle traffic stop at Talbot Avenue and Colonial Avenue in Dorchester, Boston Police Officers Timothy G. Laham and Dennis C. Cogavin asked the defendant (the operator of the vehicle) for his license and registration. The defendant responded words to the effect, "I do not have a license. It is suspended." Officer Cogavin also asked the defendant if he had anything on him, to which the defendant responded that he had a "bag of weed." When the defendant was informed that he would be charged with possession of the ammunition, he stated to Officer Cogavin, "I just found that in front of my house. I forgot about it." (**See Bates No. 005-007**).

On 4/26/05, ATF Special Agents Lisa A. Rudnicki, Philip Ball and John Paolillo arrested the defendant on a federal warrant at Dorchester District Court. While seated in the back seat of the ATF vehicle, the defendant advised Special Agents Ball and Paolillo that he had a knife concealed in the front of his pants that was apparently pressing against his lower stomach area. Agents Paolillo recovered a 4-inch double-edged knife made of plastic from inside the defendant's front pants. The knife was seized as evidence. (**See Bates No. 104-106**).

After advising the defendant of his *Miranda* rights, Special Agent Rudnicki showed the defendant a copy of his Massachusetts Criminal History Record, at which time, the defendant reviewed each prior arrest and confirmed that all of his prior convictions were accurately reflected on his record. (**See Bates No. 104-106**).

While being transported, Special Agent Rudnicki advised the defendant that his arrest went more smoothly than she had anticipated. After which, the defendant stated words to the effect, that when he saw six guys approaching him, presumably police officers, he knew enough not to put up any resistance. Special Agent Rudnicki informed the defendant that she sought the additional assistance in anticipation of him being non-compliant. The defendant replied, "You had a good plan." (**See Bates No. 104-106**).

The defendant also told Special Agent Rudnicki that his birth name is Reynaldo Rise; that his mother's name is Shirley Rise; that when he was first arrested, his name was misspelled as "Reyes" and that it followed him ever since. (**See Bates No. 104-106**).

On the day of his federal arrest, the defendant was dressed in all black clothing that included a black t-shirt with a picture of a machine gun on it. While placing the defendant in the U.S. Marshal Service cellblock, Special Agent Ball asked the

defendant the reason for wearing all black, to which the defendant responded words to the effect, "I need to maintain my tactical advantage in the street...black on black helps me blend in the shadows." (**See** Bates No. 104-106).

**Search info...**

Officer Cogavin searched the defendant and found one 9mm bullet in the defendant's front left pocket of his jeans; a bag of green leafy substance believed to be marijuana, and two bags of a yellow rock like substance believed to be crack cocaine in the defendant's left front pocket of his sweat pants, which were under his jeans. While checking for more contraband, Officer Cogavin also found a small black and white composition notebook containing names with dollar amounts and cell phone numbers in a pocket on the defendant's left arm of his jacket. Also found was a handcuff key in the defendant's wallet. At booking, officers recovered $548 U.S. currency and a black Motorola cell phone. (See Bates No. 005-006).

    **b.**    **Written and Recorded Statements**

Enclosed herein, please find copies of the defendant's *Arrest Photographs* taken by the Boston Police Department on 2/27/05, and taken by ATF on 4/26/05. (**See** **Bates No. 001-003; 114**).

Enclosed herein, please find copies of the defendant's *Ten-Print Fingerprint Cards* taken by the Boston Police Department on 2/27/05, by ATF on 4/26/05, and U.S. Marshal Service on 4/26/05, on which the defendant has executed his signature. (**See Bates No. 004; 115; 119-120**).

Enclosed herein, please find a copy of the Boston Police Department *Arrest Booking Form* (which includes *Miranda Warning*), Boston Police Department *Prisoner Disposition Form*. (**See Bates No. 001-002; 078**).

Enclosed herein, please find copy of the *Offender Details*, prepared by Special Agent Rudnicki, relative to the defendant's personal information. (**See Bates No. 111-113**).

As noted in Paragraph 1a above, on 2/27/05 and 4/26/05, the defendant made pre-arrest and post-arrest statements to Boston Police Officers Laham and Cogavin, and to Special Agents Rudnicki, Paolillo and Ball. Enclosed herein, please find copies of the Boston Police *Incident Reports* and the ATF *Report of Interview* in which these oral statements have been recorded (**See**

Bates No. 005-007; 104-106).

There are no other relevant written or recorded statements, made by the defendant before or after arrest in response to interrogation by a person the defendant knew to be a government agent, in the possession, custody or control of the government, which are known to the attorney for the government.

   c.   **Grand Jury Testimony of the Defendant**

The defendant did not testify before a grand jury in relation to this case.

   2.   **Defendant's Prior Record under Rule 16 (a)(1)(D)**

It is my understanding that you were provided with a copy of the defendant's criminal history record at the defendant's initial court appearance by the U.S. Pretrial Services. Notwithstanding, enclosed herein is a copy of the defendant's Commonwealth of Massachusetts Criminal History Systems Board Record (**See Bates No. 084-100**).

Additionally, enclosed herein are certified copies of Boston Municipal Court Records relative to Dockets #901342, #901343, #901344 and #901345, Dorchester District Court Records relative to CC# 11871150, and Suffolk Superior Court Dockets #9610152, #9511673001, #093080, #093081, #093082, #090649, and #090650, which evidence, among other things, the defendant's prior assault and battery, firearms and drug convictions. (**See Bates No. 136-219**).

   3.   **Documents and Tangible Objects under Rule 16(a)(1)(E)**

Enclosed herein are copies of the following documents, which represent books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in its case-in-chief at the trial of this case:

   a)   Boston Police Department Arrest Booking Form (**See Bates No. 001**);

   b)   Boston Police Department Prisoner Disposition Form (**See Bates No. 002**);

   c)   Boston Police Department Incident Report (**See Bates No. 005-006**);

4

d)  Boston Police Department Supplemental Report (**See Bates No. 007**);

e)  Boston Police Department Incident History for #PD050102585 (**See Bates No. 013-014**);

f)  Boston Police Department Incident History for #PD050102626 (**See Bates No. 015-016**);

g)  Boston Police Department Incident History for #PD050102626 (**See Bates No. 017-018**);

h)  Dorchester District Court Criminal Complaint - Docket #0507CR001252 and Application for Criminal Complaint (**See Bates No. 008-012**);

i)  Massachusetts Uniform Citations # M0168092 and M0168093 (**See Bates No. 019**);

j)  Boston Police Department Motor Vehicle Receipt Form Area B-3, dated 2/27/05, relative to the Ford Taurus, Reg. # W88GVD (**See Bates No. 020**);

k)  Unrelated Boston Police Department Incident Reports and Field Interrogation/Observation Reports ("FIO") relative to the defendant (**See Bates No. 021-075**);

l)  ATF *Reports of Investigation* relative to, among other things, arrest of the defendant, witness interviews, an interstate nexus examination of the one 9mm round of ammunition named in the indictment, a check of whether the defendant received a Governor's pardon, and a check of whether the defendant had his federal firearms privileges restored (**See Bates No. 076-129**);

h)  Boston Police Department Firearms Unit, *Ballistics Report prepared by Examiner Martin Lydon*, regarding the examination and analysis of the one round of 9mm Winchester Brand of ammunition, named in the indictment (**See Bates No. 083**);

i)  Defendant's Commonwealth of Massachusetts Criminal History Systems Board Record (**See Bates No. 084-100**);

j)  Massachusetts Registry of Motor Vehicles records, relative to the defendant (**See Bates No. 130-135**);

k)  Certified copies of Boston Municipal Court Records

relative to Dockets #901342, #901343, #901344 and #901345, Dorchester District Court Records relative to CC# 11871150, and Suffolk Superior Court Dockets #9610152, #9511673001, #093080, #093081, #093082, #090649, and #090650, which evidence, among other things, the defendant's prior assault and battery, firearms and drug convictions. (**See Bates No. 136-219**); and

1) Boston Police Department Dispatch Call - Audiotape of the Traffic Stop & Arrest, dated 2/27/05 (**See Bates No. 223**).

4. **Reports of Examinations and Tests under Rule 16 (a)(1)(F)**

An examination and analysis of the one round of 9mm Winchester Brand of ammunition, which is named in the indictment, was conducted by the Examiner Martin Lydon of Boston Police Department Firearms Unit, and a Ballistics Report was prepared by Examiner Martin Lydon. (**See Bates No. 083**)

There are no other reports of examinations and tests.

B. **Search Materials under Local Rule 116.1(C)(1)(b)**

Other than the body search conducted of the defendant at the time of his arrest on 2/27/05 and 4/26/05 (See paragraphs 1a and 1b above), no searches were conducted and no search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C. **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

F.  **Identifications under Local Rule 116.1(C)(1)(f)**

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.  **Disclosure of Exculpatory Evidence under Local Rule 116.2**

   1.  **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

   With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   a. - b.  **Evidence Tending to Negate Defendant's Guilt or Cast Doubt on Admissibility of Evidence**

   The government is not aware of any exculpatory information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

   c.  **Promises, Rewards, and Inducements**

   No promises, rewards, or inducements have been offered to any prospective witness whom the government anticipates calling in its case-in-chief.

   d. - e.  **Criminal Records of Witnesses and Pending Criminal Cases**

   The government has not yet determined which witnesses it intends to call in its case in chief. When the government makes such a determination, it will promptly provide any criminal records and/or information relating to any pending cases for its prospective witnesses.

   Additionally, there were several agents and police officers, sergeants and detectives, who were involved in this investigation, however, the government has not yet determined which of these individuals it will call as witnesses in its case in chief. When and if the government makes such a determination,

it will promptly provide any criminal records and/or information relating to any pending cases for its prospective witnesses.

    **f. Failure of Percipient Witness to Make Identification**

As noted above, the defendant has not been the subject of any investigative identification procedures.

**H.  Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

**I.  RECIPROCAL DISCOVERY**

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

**J.  NOTICE OF ALIBI**

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you previously have received.

Please feel free to call me if you have any questions or concerns regarding the above information.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                    By: _____
                                ANTOINETTE E.M. LEONEY
                                Assistant U.S. Attorney

cc: Mr. Jarrett Lovett, Deputy Courtroom Clerk
    to the Honorable Joyce London Alexander