

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

February 17, 2006

**BY HAND**
Stylianus Sinnis, Esq.
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210

    Re: United States v. Reylando Reyes,
        a/k/a Reylando Rise, a/k/a Raynaldo Rise,
        a/k/a Raylando Rise, a/k/a Ray Rise
        <u>Criminal No. 05-10113-DPW</u>

Dear Attorney Sinnis:

    Pursuant to Local Rules 116.3(A), the government hereby responds below to your discovery letter request of February 8, 2006:

    1.    As I indicated in my January 31, 2006 letter and in our subsequent telephone conversation, it's my understanding from the officers, that when a motor vehicle query is made from the police patrol car to the Registry of Motor Vehicles [as was done in this case], the officers do not receive a printout of the results from the Registry or the Police Department, rather the officers are only able to view the results that are posted on their patrol car computer screen. Further, I am not aware that such a search is available from the Registry. I have reconfirmed this with the arresting officers.

        In any event, other than the above mentioned query concerning the defendant's license status, neither I, nor the officers, have any direct access to internal Registry of Motor Vehicles records or files. The Registry is a non-law enforcement state agency, that is unbeholden to this office.

        And, to be sure, [although it should be obvious]

neither I, nor the officers/agents involved with this case, have any such printouts or records in our possession. However, should such printouts/records actually exist and become available to the government they will be disclosed to you. Likewise, if you locate and obtain any printouts or records made of the officers' vehicle query, I request that you provide copies of them to me through reciprocal discovery.

2. Yes, you are correct, in that Bates Nos. 013 & 014 reflects that the officers made a warrant inquiry relative to the defendant on 2/27/05 at approximately 2:28 p.m. However, Bates No. 015 reflects that on the same afternoon at approximately 2:30 p.m., the officers also made a motor vehicle inquiry relative to license plate FLW88GVD [the vehicle the defendant was driving when he was stopped by the officers], and that at approximately 2:57 p.m., the officers made the traffic stop at Talbot/Colonial Av, which concluded with the defendant's arrest.

3. Per your request, I have requested the evidence logs for the marijuana and cocaine recovered in this case. As soon as I receive them, I will disclose them to you.

Finally, enclosed, please find additional documents as follows [I think you received some of these items when you went to Boston Police HQTRS on 2/2/06 to view the evidence in this case]:

a) Copies of all the printed pages of the composition notebook recovered from the defendant at the time of his arrest (Bates No. 238 - 243);

b) Copy of the Boston Police Department Mugshot Form relative to the defendant. The mugshot form was in a binder maintained and carried by Officers Laham and Cogavin while on patrol in their police cruiser on 2/27/05. As I previously informed you, this binder was created by Officers Laham and Cogavin and consisted of prominent "players" in Area B-3. When the officers first observed the defendant in the motor vehicle, they first consulted their binder mugshot form of the defendant before conducting the Registry of Motor Vehicles query (Bates No. 244); and

c) Certified copies of the Commonwealth of Massachusetts Supplemental Motor Vehicle Abstracts for citation numbers M0168092 and M0168093, dated 2/27/05, relative

2

to the defendant (Bates No. 245 - 246).

Please feel free to contact me if you wish to discuss this case in greater detail.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By: _____
                                      ANTOINETTE E.M. LEONEY
                                      Assistant U.S. Attorney

Enclosures
cc: Jarrett Lovett, Deputy Courtroom Clerk
    to the Honorable Joyce London Alexander
    w/o enclosures