UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10113-DPW |
| | ) | |
| REYLANDO REYES | ) | |

<u>DEFENDANT'S MOTION FOR JUROR QUESTIONNAIRE</u>

Defendant respectfully moves, pursuant to Fed. R. Crim. P. 24(a), that in an effort to ensure a fair and impartial jury, this Court allow the use of the attached juror questionnaire. The questionnaire consists of two questions designed to identify racial bias. (Exhibit A).

The questionnaire procedure is simple and works as follows: The jury administrator distributes the questionnaire to members of the jury pool, and the jurors complete the questionnaire privately in the jury assembly room. The juror's number is placed at the top of the questionnaire. When the venire is brought into the courtroom, the questionnaires are collected and reviewed by counsel and the Court. Jurors who have answered the questionnaire in a way that disqualifies them may be immediately dismissed by the Court. (The questionnaire actually saves time because all jurors who express racial bias can be eliminated immediately, obviating the need to discuss this issue at sidebar).

As grounds for this motion, defendant states as follows:

    1.   The defendant is black.

    2.   Jurors are less likely to admit racial bias when they know they will be required to discuss their answers with the judge and counsel at sidebar (as is the case when the Court asks the question, among others, in the courtroom).

    3.   Jurors are more likely to be honest when they are filling out a questionnaire privately.  See Affidavit of Assistant Federal Public Defender Catherine K. Byrne. (Exhibit B).

                                  REYLANDO REYES
                                  By his attorney,


                                  /s/ Stylianus Sinnis
                                  Stylianus Sinnis
                                    B.B.O. # 560148
                                  Federal Defender Office
                                  408 Atlantic Avenue, 3rd Floor
                                  Boston, MA  02110
                                  Tel: 617-223-8061


                            CERTIFICATE OF SERVICE

    I, Stylianus Sinnis, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF)and paper copies will be sent to those indicated as non-registered participants on July 18, 2006.

                                  /s/ Stylianus Sinnis
                                  Stylianus Sinnis

# EXHIBIT A

**EXHIBIT A**

Juror Number _____

<u>General Instructions for Completing Questionnaire</u>

This questionnaire is being used to assist in jury selection in the case of <u>United States of America v. Reylando Reyes</u>. Mr. Reyes is a black man.

Please answer both questions below completely and truthfully. Your answers will be used only for the purpose of selecting a jury in this case. There are no right or wrong answers to these questions. Please keep in mind that you are answering these questions under oath and must be truthful. You have no legal obligation to like or feel comfortable with a black person but you do have an obligation to tell the court your feelings candidly and accurately.

1. You have no legal obligation to like or feel comfortable with a black person but you do have an obligation to tell the court your feelings candidly and accurately. Do you have any feelings or opinions about black people that would cause you to question your ability to be impartial in evaluating the evidence in this case? _____

2. Do you believe that black men are more likely than members of other races to commit crimes? _____
_____

# EXHIBIT B

Case 1:05-cr-10113-DPW    Document 50-2    Filed 07/18/2006    Page 3 of 5

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**EXHIBIT B**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CRIMINAL NO. 05-10113-DPW |
| | ) |
| REYLANDO REYES | ) |

<u>AFFIDAVIT OF COUNSEL</u>

The following is true to the best of my information and belief:

1. Juror questionnaires designed to identify racial bias are utilized routinely in this district.

2. I was defense counsel in the case of <u>United States v. Franklyn Liranzo</u> that was tried before Lindsay, J. in June 2002. In that case, the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

3. I was defense counsel in the case of <u>United States v. Dondi Willis</u> that was tried in October 2003 before Lasker, J. In that case, the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4. I was defense counsel in the case of <u>United States v. Jean Brito</u> that was tried in January 2004 before Lindsay, J. In that case, the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

5. I was defense counsel in the case of <u>United States v. David Seymour</u> that was tried in October 2005 before Tauro, J. In that case, the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. A significant percentage of the jurors (counsel's memory is that the figure was **approximately 20%**) indicated racial bias on their juror questionnaire.

6. The defendant in the present case is a black male.

7. The venire in United States Federal District Court for this circuit is over 95% White/Caucasian.

8. The limited juror questionnaire (two questions) is necessary due to the risk of racial prejudice affecting the defendant's right to a fair trial.

/s/ Catherine K. Byrne
Catherine K. Byrne

July 18, 2006

6. The defendant in the present case is a black male.

7. The venire in United States Federal District Court for this circuit is over 95% White/Caucasian.

8. The limited juror questionnaire (two questions) is necessary due to the risk of racial prejudice affecting the defendant's right to a fair trial.