UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10113-DPW |
| | ) | |
| REYLANDO REYES | ) | |

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, defendant, Reylando Reyes, requests the Court to include the following instructions in its charge to the jury.  Defendant reserves the right to supplement or amend these requests.

```
                         REYLANDO REYES
                         By his attorney,

                         /s/ Stylianus Sinnis
                         Stylianus Sinnis
                           B.B.O. # 560148
                         Federal Defender Office
                         408 Atlantic Ave., 3rd Floor
                         Boston, MA  02110
                         Tel: 617-223-8061
```

<u>Certificate of Service</u>

I, Stylianus Sinnis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 18, 2006.

```
                         /s/Stylianus Sinnis
                         Stylianus Sinnis
```

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1</u>

Presumption of Innocence

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent.  The presumption is not a mere formality.  It is a matter of the most important substance.

An indictment is nothing more than an accusation.  It is not evidence.  All it does is bring the charges before you, the jury, for your consideration and determination.  You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of the defendant.  A defendant, although accused, begins the trial with a clean slate, with no evidence against him.  And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

So the presumption of innocence alone is sufficient to acquit Mr. Reyes unless you are satisfied beyond a reasonable doubt of his guilt after a careful and impartial consideration of all the evidence in the case.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the

reasonable inferences to be drawn from that evidence.  Mr. Reyes has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged.

As I have said, the burden is upon the government to prove beyond a reasonable doubt that Mr. Reyes is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that his guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning his guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or because you do not accept the evidence that was offered.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that the defendant is guilty as charged, the other that the defendant is not guilty - you will find Mr. Reyes not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand,

there are very few things in this world that we know with
absolute certainty, and in criminal cases the law does not
require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its
heavy burden is to establish the truth of each part of each
offense charged by proof that convinces you and leaves you with
no reasonable doubt and thus satisfies you that you can,
consistently with your oath as jurors, base your verdict upon it.
If you so find as to a particular charge against a defendant you
will return a verdict of guilty on that charge.  If you think
there is a reasonable doubt about whether Mr. Reyes is guilty of
a particular offense, you must give him the benefit of the doubt
and find him not guilty of that offense.

Adapted from: First Circuit Pattern Instruction 3.02; *United
States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir.
1997)(approving charge given by Judge Keeton); O'Malley, Grenig &
Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A,
§12.10

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

PROOF BEYOND A REASONABLE DOUBT

The burden is upon the Government to prove beyond a reasonable doubt that the defendant is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.  Proof beyond a reasonable doubt is the highest standard of proof known to the law.  It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt.  It means that you – the jurors– may not convict Mr. Reyes unless and until you have reached a subjective state of near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more

5

likely to be true than not true.  That is not enough to meet the burden of proof beyond reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787 (1979); Sandoval v. Kentucky, 114 S. Ct. 1239, 1246 (1994); United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

6

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

IF DEFENDANT DOES NOT TESTIFY

You may have noticed that Mr. Reyes did not testify at this trial.  The defendant has an absolute right not to testify, since the entire burden of proof in this case is on the government to prove that the defendant is guilty.  No inference of guilt, or anything else, may be drawn from the fact that Mr. Reyes did not testify.  It is not up to the defendant to prove that he is innocent.

Under our system of law, a defendant has a perfect right to say to the government, "You have the burden of proving your case against me beyond a reasonable doubt.  I do not have to say a word."

The fact that the defendant did not testify has nothing to do with the question of whether he is guilty or not guilty.  So you are not to consider it any way, or even discuss it in your deliberations.  You must determine whether the government has proved its case against the defendant based solely on the testimony of the witnesses who did testify and the exhibits that were introduced.

Carter v. Kentucky, 450 U.S. 288, 299-303 (1981); Bruno v. United States, 303 U.S. 287, 293-94.  See also United States v. Ladd, 877 F.2d 1083, 1089 (1ˢᵗ Cir. 1989).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

LAW ENFORCEMENT WITNESSES

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, at ¶ 7.01 (Instruction No. 7-16).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5</u>

STATEMENTS OF DEFENDANT

You have heard evidence that Mr. Reyes made statements in which the government claims he admitted certain facts.

It is for you to decide whether Mr. Reyes made the statements, and if so, the credibility of this statement and how much weight to give it.  In determining the weight or trustworthiness of the statement, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts tending to corroborate or contradict the version of events described in the statement.

Adapted from Instruction 2.11 of the Pattern Criminal Jury Instructions for the District Courts of the First Circuit.

9

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

Consider Only the Offense Charged

You have heard evidence of acts of the defendant other than those charged in the indictment.  You cannot consider this testimony as evidence that the defendant committed the crime that he is on trial for now.  The defendant is not on trial for any act, conduct, or offense not specifically alleged in the indictment.

See, 1A K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, § 12.08 (5th ed. 2000); United States v. Fotovich, 885 F.2d 241 (5th Cir. 1989) cert. denied, 493 U.S. 1034 (1990); Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 1.06 (1998); Pattern Criminal Jury Instructions fo the District Judges Association of the Sixth Circuit, Instruction No. 7.13 (1991).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7</u>

Indictment Is Not Evidence

Mr. Reyes has been charged by way of an indictment with attempted bribery of a public official.  You are not to draw any adverse inferences against Mr. Reyes from the fact that he was indicted.  The indictment is simply the description of the charge against the defendant; it is not evidence of anything.  Mr. Reyes has pled "Not Guilty" and, therefore, he denies that he is guilty of the crime charged in the indictment.  He is presumed innocent and may not be found guilty by you unless all of you-the trial jurors unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Criminal Jury Instructions for District Courts, 1.02; <u>See</u>
Vol. 1A, K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice
and Instructions, Sec. 13.04 (5th ed. 2000).