UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 05-10113-DPW |
| v. | ) | |
| | ) | |
| REYLANDO REYES, | ) | |
| a/k/a REYLANDO RISE, | ) | |
| a/k/a RAYNALDO RISE, | ) | |
| a/k/a RAYLANDO RISE, | ) | |
| a/k/a RAY RISE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE CONCERNING
SEQUESTRATION OF TRIAL WITNESSES**

The United States of America, by Assistant U.S. Attorney
Antoinette E.M. Leoney, hereby moves in limine that the Court
sequester all witnesses at trial except for Special Agent Lisa A.
Rudnicki of the United States Bureau of Alcohol, Tobacco,
Firearms & Explosives ("ATF").  This witness is the case agent
for this case.

Rule 615(2) of the Federal Rules of Evidence provides an
exception to sequestration for "an officer or employee of a party
which is not a natural person designated as its representative by
its attorney."  The Advisory Committee's Notes make clear that
this exception follows prior case law "allowing a police officer
who has been in charge of an investigation to remain in court
despite the fact that he will be a witness."

Interpreting Rule 615(2), the First Circuit was held that
the provision has "severely curtailed the discretion of the trial

court to sequester the government's case agent" and that it is
not an abuse of discretion to allow the case agent to remain even
though he or she will testify.  United States v. Machor, 879 F.2d
945, 953 (1st Cir. 1989), cert. denied, 493 U.S. 1094 (1990).  In
so holding, the Court quoted from the Senate Report relating to
the rule as follows:

> Many district courts permit government
> counsel to have an investigative agent at
> counsel table throughout the trial although
> the agent is or may be a witness.  The
> practice is permitted as an exception to the
> rule of exclusion and compares with the
> situation defense counsel finds himself in --
> he always has the client with him to consult
> during the trial. The investigative agent's
> presence may be extremely important to
> government counsel, especially when the case
> is complex or involves some specialized
> subject matter. The agent, too, having lived
> with the case for a long time, may be able to
> assist in meeting trial surprises where the
> best-prepared counsel would otherwise have
> difficulty.

Machor, 879 F.2d at 953.  See also United States v. Lussier, 929
F.2d 25, 30 (1st Cir. 1991) (no abuse of discretion for district
court not to sequester government's case agent as well as another
agent who have expert tax testimony based upon the testimony and
documents in evidence).

     Since the factors described above are present in this case,
the government respectfully requests that the Court sequester all

witnesses except for Special Agent Lisa A. Rudnicki.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                          By:
                                    /s/Antoinette E.M. Leoney
                                    ANTOINETTE E.M. LEONEY
Date: July 18, 2006               Assistant U.S. Attorney


                    **CERTIFICATE OF SERVICE**

Suffolk,  ss.                      Boston, Massachusetts
                                    July 18, 2006

    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do
hereby certify that I have this day served a copy of the
foregoing, by electronic court filing, upon Stylianus Sinnis,
Esq., Federal Defenders Office, 408 Atlantic Avenue, 3rd Floor,
Boston, MA 02210

                                    /s/Antoinette E.M. Leoney
                                    ANTOINETTE E.M. LEONEY