```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )  CRIMINAL NO. 05-10113-DPW
     v.                         )
                                )
REYLANDO REYES,                 )
a/k/a REYLANDO RISE,            )
a/k/a RAYNALDO RISE,            )
a/k/a RAYLANDO RISE,            )
a/k/a RAY RISE,                 )
                                )
     Defendant.                 )
```

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States, by its undersigned counsel, respectfully submits this trial memorandum.

I.   <u>The Indictment</u>

This case involves a one-count indictment. Count One of the [Corrected] Indictment charges the defendant, REYLANDO REYES, a/k/a Reylando Rise, a/k/a Raynaldo Rise, a/k/a Raylando Rise, a/k/a Ray Rise ("REYES"), with being a felon in possession of one round of ammunition, in violation of 18 U.S.C. §922(g)(1).

Count One charges that on or about February 27, 2005, at Dorchester, in the District of Massachusetts, REYLANDO REYES, a/k/a Reylando Rise, a/k/a Raynaldo Rise, a/k/a Raylando Rise, a/k/a Ray Rise, the defendant herein, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition, namely, one round of .9mm ammunition, bearing a head-stamp of "WIN 9mm Lugar," in and affecting commerce, all in violation of Title 18, United States Code, §922(g)(1).

II.  Custody

REYES has been detained since his arrest, and is in the custody of the U.S. Marshal Service.

III. Summary of the Evidence

On February 27, 2005, at approximately 2:30 p.m., Boston Police Officers Timothy Laham and Dennis Cogavin, while on routine patrol in the area of Harvard Street and Bernard Street in Dorchester, MA, observed the actions of REYES, an individual known to the officers from both prior incidents and information from fellow officers.  REYES was observed sitting inside a tan colored Ford Taurus, Florida registration W88GVD.  The officers ran a query of REYES' license status and learned that REYES' license was revoked.  After REYES made eye contact with Officers Laham and Cogavin, the officers observed REYES start the motor of the Ford Taurus and proceed to operate the vehicle down Bernard Street to Talbot Avenue.  The officers conducted a motor vehicle stop of the Ford Taurus in the area of Talbot Avenue and Colonial Avenue.  When Officer Cogavin asked REYES for his license and registration, REYES responded, "I don't have a license.  It is suspended."  When asked if he had anything on his person, REYES advised the officers that he had a "bag of weed" on him.  Officer Cogavin performed a search of REYES and located one live 9mm bullet in the front left pocket of his jeans.  Officer Cogavin placed REYES in handcuffs upon locating the live round of

ammunition.  Upon further search of REYES, a bag of leafy green substance indicative of marijuana and two bags of a yellow rock like substance indicative of crack cocaine were found in his left front pocket of his sweat pants which REYES worn beneath his jeans.  Officer Cogavin additionally located a small black and white composition notebook containing names with corresponding dollar amounts and telephone numbers contained inside a pocket of the left arm of REYES' jacket.  A handcuff key was also found inside REYES' wallet.  REYES was also in possession of $548 U.S. Currency at the time of his arrest.

  Officers Laham and Covagin issued REYES two motor vehicle criminal citations, the first for driving a motor vehicle after his license had been revoked and for possession of the marijuana and cocaine, and the second citation for driving a motor vehicle without authorization.

  A ballistics examination was conducted on the ammunition.  It was determined that the ammunition, namely, the one round of .9mm caliber ammunition bearing head stamp "WIN 9mm Lugar" is indeed ammunition.

  A latent print examination was also conducted on the ammunition, however, no latents were recovered from the bullet, for a positive identification to be made.

  The ammunition was examined by an ATF interstate nexus expert to determine its origin.  The ammunition was determined to

3

have been manufactured outside of the Commonwealth of Massachusetts. The bullet at issue has a head stamp of "WIN" which stands for "Winchester" - the Olin Corporation. It was manufactured in East Alton, Illinois. Therefore, the ammunition possessed by REYES affected interstate commerce.

REYES is a previously convicted felon. According to his Massachusetts Criminal History Record, REYES has at least one felony conviction of a crime punishable by imprisonment for a term exceeding one year. In particular, REYES's criminal history reveals that he was convicted of Distribution of Class B Narcotics in a School Zone on 9/16/96, in Suffolk County Superior Court. This offense is a felony in the District of Massachusetts and carries a maximum penalty of incarceration in excess of one year.

REYES has not received a Governor's pardon, nor has he had his federal firearms privileges restored.

In an effort to suppress his statements, REYES filed a suppression motion, which was denied in part, and granted in part, by this Court following an evidentiary hearing held on April 28, 2006, May 9, 2006 and May 11, 2006.

IV.  Summary of Government's Case in Chief

The government's evidence, in brief, will consist of testimony from the case agent, the interstate nexus expert, and the Boston police officers, who conducted the traffic stop and

recovered the ammunition, and who conducted the ballistics examinations on the ammunition.

The government will seek to introduce, among other things, the recovered ammunition and drugs, the motor vehicle citations, registry of motor vehicle records, incident history report, the *Miranda* waiver form executed by REYES, REYES's certified felony conviction(s), and the ballistics report.

V. Stipulations

The government has proposed several stipulations to defense counsel, and is waiting to hear from defense counsel concerning them.

VI. Significant Issues Which May Arise at Trial

At the present time, the government does not foresee any significant issues that may arise at trial.

The United States respectfully requests leave to supplement this Trial Memorandum in the event additional trial issues are raised by the defendant or there is a material change in the government's case-in-chief.

                                     Respectfully submitted,

                                     MICHAEL J. SULLIVAN
                                     United States Attorney
                          By:
                                     /s/Antoinette E.M. Leoney
                                     ANTOINETTE E.M. LEONEY
                                     Assistant U.S. Attorney
Date: July 18, 2006                (617) 748-3103

**CERTIFICATE OF SERVICE**

Suffolk, ss.                              Boston, Massachusetts
                                          July 18, 2006

    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing, by electronic court filing, upon Stylianus Sinnis, Esq., Federal Defenders Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210

                                          /s/Antoinette E.M. Leoney
                                          ANTOINETTE E.M. LEONEY