UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA            )
                                    )    CRIMINAL NO. 05-10113-DPW
        v.                          )
                                    )
REYLANDO REYES,                     )
a/k/a REYLANDO RISE,                )
a/k/a RAYNALDO RISE,                )
a/k/a RAYLANDO RISE,                )
a/k/a RAY RISE,                     )
                                    )
        Defendant.                  )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE USE OF THE TERMS "FELON" OR FELONY**

The Government respectfully opposes the defendant's motion to exclude use of the terms "felon" or "felony" during the course of defendant's trial.  Although the defendant notes that the statute speaks in terms of a crime punishable by imprisonment exceeding one year, the common definition of "felony" is precisely that: an offense punishable by imprisonment for a term exceeding one year. See, e.g., U.S.S.G. §2L1.2, comment. n.2.  Moreover, the phrase as specifically used in a §922(g)(1) prosecution is a term of art that does not include certain crimes at all that otherwise are felonies, such as antitrust violations, and also does not include offenses that are punishable by up to two years but that are viewed as misdemeanors under state law.  See 18 U.S.C. §921(a)(20).  By contrast, the offenses that do satisfy the definition all readily meet the ordinary definition of "felony" under federal law.

Moreover, courts discussing offenses under 18 U.S.C.

§922(g)(1), including the First Circuit, routinely use the terms "felon" and "felony." <u>See</u>, <u>e.g.</u>, <u>United States v. Chevere</u>, 368 F.3d 120 (2d Cir. 2004); <u>United States v. Darrington</u>, 351 F.3d 632 (5th Cir. 2003); <u>United States v. Snyder</u>, 235 F.3d 42 (1st Cir. 2000).

Finally, the government does not believe use of the term "felon" or "felony" has the prejudicial effect the defendant perceives.  Rather, the terms are simply short-hand – and accurate – words to use in the place of the otherwise unnecessarily wieldy phrase "crime punishable by imprisonment for a term exceeding one year."

Accordingly, the defendant's motion should be denied.


                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                            By:  /s/Antoinette E.M. Leoney
                                    ANTOINETTE E.M. LEONEY
Date:  July 19, 2006                Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk,  ss.                       Boston, Massachusetts
                                    July 19, 2006

     I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing, by electronic court filing, upon Stylianus Sinnis, Esq., Federal Defenders Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210

                                    /s/Antoinette E.M. Leoney
                                    ANTOINETTE E.M. LEONEY

2