UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )   CRIMINAL NO. 05-10113-DPW
        v.                    )
                              )
REYLANDO REYES,               )
a/k/a REYLANDO RISE,          )
a/k/a RAYNALDO RISE,          )
a/k/a RAYLANDO RISE,          )
a/k/a RAY RISE,               )
                              )
        Defendant.            )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE TESTIMONY AND ADMISSION INTO EVIDENCE OF THE
THE MARIJUANA, COCAINE, AND CURRENCY RECOVERED FROM DEFENDANT**

The United States of America, through its attorneys Michael J. Sullivan, United States Attorney, and Antoinette E.M. Leoney, Assistant U.S. Attorney, hereby opposes Defendant, REYLANDO REYES, a/k/a Reylando Rise, a/k/a Raynaldo Rise, a/k/a Raylando Rise, a/k/a Ray Rise ("Reyes"), motion in limine to exclude testimony and admission into evidence of the marijuana, cocaine, and currency recovered from the defendant during a valid traffic stop on February 27, 2005.

ARGUMENT

Boston Police Officers Dennis Cogavin and Timothy Laham are expected to testify that in the course of their lawful pat-down search of  Reyes they seized: one live 9mm ammunition [bullet], a bag of leafy green substance indicative of marijuana, two bags of a yellow rock like substance indicative of crack cocaine, a small black and white composition notebook containing names with corresponding dollar amounts and telephone numbers, and a

handcuff key. This testimony is admissible under Fed R. Evid. 404(b) to show knowledge and absence of mistake or accident. See United States v. Smith, 292 F.3d 90, 99-100 (1st Cir. 2002). This Court already has held that the traffic stop and subsequent search of Reyes on February 27, 2005 was justified. (Woodlock, J.). As a result, the Court denied Reyes's motion to suppress the items seized during the pat-down search as well as Reyes's statements to Officer Cogavin that he had "weed" on his person. (Woodlock, J.).

When the Court conducts its two-step analysis to determine admissibility of evidence of other crimes, wrongs, or acts under 404(b), here, the defendant's possession of drugs, it should find that the evidence is admissible. See United States v. Sebaqqala, 256 F.3d 59, 67 (1st Cir. 2001). First, the Court should find that the evidence is specially probative of an issue in the case, and not offered merely to show the defendant's bad character or propensity for crime. See United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). Here, the evidence is probative of Reyes's knowledge and motive as well as absence of mistake or accident that he was in possession of ammunition for which he was prohibited by law of possessing. See Smith, 292 F.3d at 99-100. Although no cases have been found on point relating specifically to ammunition, several other circuits have also approved the admission of evidence of a defendant's drug activities in a

firearm possession case to show a motive or knowing possession of a firearm due to the strong correlation between narcotics sales and possession of firearms.  See, e.g., United States v. Thomas, 242 F.3d 1028, 1031-33 (11th Cir. 2001)(holding that evidence of defendant's drug dealing was admissible to prove knowing possession of firearms); United States v. Butcher, 926 F.2d 811, 816 (9th Cir. 1991)("[E]vidence of narcotics trafficking may be properly admitted to show knowing possession of a weapon.").

The First Circuit has held that the strongest evidence of motive (and therefore knowing possession) for a firearm [and presumably ammunition] is evidence of drug dealing.  Smith, 292 F.3d at 100.  Indeed, during his suppression hearing, by his own admission, Reyes testified that on February 27, 2005, prior to being stopped by Officers Cogavin and Laham, he had traveled to Codman Square and purchased a bag of marijuana and two bags of cocaine, which is exactly what was recovered from his person. See Supp. Hrg. Transcript, 5/11/06, at 4.  The officers also recovered $548 in cash and a small black and white notebook from Reyes that included names, addresses and dollars amounts beside each name – all indicative of drug dealing.  Moreover, during the initial stop, when asked whether, he had anything on him, Reyes told Officer Cogavin that he had "weed" on him.  Certainly, the officers' testimony on this score goes to the credibility of the officers and the reason for searching the defendant in the first

place.  Further, Reyes will likely claim in his defense, among other things, that he did not knowingly possess the ammunition. The Court should find that Reyes's possession of marijuana, cocaine, and the other items indicative of drug dealing has special relevance to his knowing possession of ammunition because a person involved in drug activities has a greater motive to possess ammunition.  See Smith, 292 F.3d at 100.  Thus, the Court should find that the evidence of drug activity "easily clears the relevancy hurdle."  See id. at 99.

Next, the Court should find that this evidence passes the 403 balancing test because its risk of unfair prejudice does not substantially outweigh the probative value described above.  Fed. R. Evid. 403.  Although the First Circuit has held the drug dealing is an "emotionally charged public issue" and that courts should exercise care in deciding to what extent to admit such evidence, Smith, 292 F.3d at 100, it has upheld the admission of evidence of drug activities in firearm possession cases.  See United States v. Weems, 322 F.3d 18, 25 (1st Cir. 2003); Smith, 292 F.3d at 101.  The jury's role in this case will be to decide whether the government has proved beyond a reasonable doubt that Reyes is a felon who knowingly possessed ammunition connected with interstate commerce.  The evidence of the Reyes's possession of drugs on February 27, 2005 is not unfairly prejudicial because the jury is unlikely to find Reyes guilty of being a felon in

4

possession of ammunition merely because he was found in possession of a small amount of drugs.  See United States v. Benedetti, 433 F.3d 111, 118 (1st Cir. 2005).  Given the lack of less prejudicial evidentiary alternatives, the Court should admit the evidence of drug possession because it shows motive and absence of accident or mistake.  See Smith, 292 F.3d at 100.  If the Court is concerned about any prejudicial effect, it may (not must) provide a limiting instruction to the jury regarding the proper use of the evidence, as did the trial court in Smith.  Id. at 96, 100-01.

    For the foregoing reasons, the Court should respectfully deny Reyes's motion to exclude testimony and admission into evidence of the marijuana, cocaine, and currency recovered from the defendant testimony and admission into evidence of the marijuana, cocaine, and currency recovered from the defendant incident to the valid traffic stop conducted on February 27, 2005.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney
                            By:
                                        /s/Antoinette E.M. Leoney
                                        ANTOINETTE E.M. LEONEY
Date: July 25, 2006                     Assistant U.S. Attorney

5

<u>CERTIFICATE OF SERVICE</u>

Suffolk, ss.                          Boston, Massachusetts
                                      July 25, 2006

     I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do
hereby certify that I have this day served a copy of the
foregoing by electronic court filing notice on defense counsel,
Stylianus Sinnis, Esq., Federal Defender Office, 408 Atlantic
Avenue, 3rd Fl., Boston, MA 02210.

                              /s/Antoinette E.M. Leoney
                              ANTOINETTE E.M. LEONEY