```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )   CRIMINAL NO. 05-10113-DPW
     v.                           )
                                  )
REYLANDO REYES,                   )
a/k/a REYLANDO RISE,              )
a/k/a RAYNALDO RISE,              )
a/k/a RAYLANDO RISE,              )
a/k/a RAY RISE,                   )
                                  )
          Defendant.              )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF THE DEFENDANT'S PRIOR CONVICTIONS**

The United States of America, through its attorneys Michael J. Sullivan, United States Attorney, and Antoinette E.M. Leoney, Assistant U.S. Attorney, hereby opposes Defendant, REYLANDO REYES, a/k/a Reylando Rise, a/k/a Raynaldo Rise, a/k/a Raylando Rise, a/k/a Ray Rise ("Reyes"), motion in limine to exclude evidence of the defendant's prior state drug convictions should he elect to testify in his defense at trial in this case.  The government maintains that these prior drug convictions [as well as the prior firearms and ammunition convictions] are not only admissible to prove an element of the instant offense under 18 U.S.C. § 922(g)(1)[absence a stipulation], but may also be admissible under Fed. R. Evid. 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident for possessing the ammunition for which he is charged.

Reyes has an extensive criminal history record which

includes the following adult convictions:

    1) Assault and Battery by Dangerous Weapon in Boston Municipal Court on 5/31/91 (Docket # 091342);

    2) Assault and Battery on Police Officer in Boston Municipal Court on 5/31/91 (Docket # 091343);

    3) Assault and Battery on Police Officer in Boston Municipal Court on 5/31/91 (Docket # 091344);

    4) Assault and Battery Disorderly Person in Boston Municipal Court on 5/31/91 (Docket # 091345);

    5) Manufacturing/Distribution/Dispensing Class B Substance and Manufacturing/Distribution/Cultivate Class D Substance in Dorchester District Court on 12/11/91 (CC# 11871150);

    6) Possession with Intent to Distribute Marijuana, a Class D Controlled Substance, and Distribution of Cocaine, a Class B Controlled Substance in Suffolk Superior Court on 10/21/96 (Docket # 9610152);

    7) Distribution of Cocaine, a Class B Controlled Substance, in School Zone, and Unlawful Distribution of Class B Controlled Substance in Suffolk Superior Court on 9/16/96 (Docket # 9511673);

    8) Unlawful Possession of a Firearm in Suffolk Superior Court on 2/13/91 (Docket # 093080);

    9) Unlawful Possession of Ammunition in Suffolk Superior Court on 2/13/91 (Docket # 093081);

    10) Receipt of Firearm with Knowledge that its Serial and Identification Numbers had been defaced, Removed, Obliterated and Mutilated in Suffolk Superior Court on 2/13/91 (Docket # 093082);

    11) Assault and Battery by Means of a Dangerous Weapon, to wit: a Handgun in Suffolk Superior Court on 2/13/91 (Docket # 090649); and

    12) Possession of Firearm, to wit: a Handgun, Without Having a License to Carry Firearms, in Suffolk Superior Court on 2/13/91 (Docket # 090650).

    Certified copies of these records have been provided to

counsel for Reyes by the government through the automatic discovery process.

Should Reyes deny at trial that he had any motive or intent to possess the ammunition with which he is charged, the government will seek to offer testimony regarding his prior firearm, ammunition and drug convictions pursuant to Fed. R. Evid. 404(b). Further, the government may seek to offer evidence of the prior firearm and ammunition convictions if the defendant denies knowledge of weapons and ammunition generally. The prior convictions will not be offered to show that the defendant had propensity to engage in the same type of criminal conduct, but that he did in fact have a motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, for possessing the ammunition.

The Court must undertake a two-step analysis to determine whether evidence, here, the defendant's prior drug convictions, is admissible for other purposes under Rule 404(b). See United States v. Sebaggala, 256 F.3d 59, 67 (1st Cir. 2001). Here the Court should find, first, that name and nature of Reyes' prior state convictions are relevant to his charge under §922(g)(1). See Old Chief v. United States, 519 U.S. 172, 178-79 (1997); United States v. Tavares, 21 F.3d 1, 6 (1st Cir. 1994)(evidence concerning the nature of the prior conviction will be admissible for impeachment or other reasons). Then the Court should find

that the prior convictions are admissible for other purposes under Rule 404(b), namely, to show motive and absence of mistake or accident.  See United States v. Smith, 292 F.3d 90, 99-100 (1st Cir. 2002).

For the foregoing reasons, the Court should respectfully deny Reyes's motion in limine to exclude evidence of the defendant's prior convictions.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney
                           By:
                                      /s/Antoinette E.M. Leoney
                                      ANTOINETTE E.M. LEONEY
Date: July 25, 2006                Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

Suffolk, ss.                            Boston, Massachusetts
                                        July 25, 2006

I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing by electronic court filing notice on defense counsel, Stylianus Sinnis, Esq., Federal Defender Office, 408 Atlantic Avenue, 3rd Fl., Boston, MA 02210.

                                      /s/Antoinette E.M. Leoney
                                      ANTOINETTE E.M. LEONEY