```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )     CRIMINAL NO. 05-10113-DPW
                                )
REYLANDO REYES                  )
```

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE REGARDING
            <u>ADMISSION OF PROPENSITY EVIDENCE</u>

The government has moved to admit evidence of defendant's prior state court firearm, ammunition and drug convictions pursuant Fed. R. Evid. 404(b). Defendant objects to the admission of such evidence on the bases that (a) it is offered solely to prove the character of defendant in order to show action in conformity therewith, contrary to Fed. R. Evid. 404(b); and, (b) assuming <u>arguendo</u> admissibility under Fed. R. Evid. 404(b), the prejudicial impact of the evidence would far outweigh its probative value, contrary to Fed. R. Evid. 403.

<u>ARGUMENT</u>

With regard to evidence concerning defendant's prior convictions, the government avers that it seeks to admit the convictions to demonstrate motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, for possessing the ammunition. In support of this position, the government seeks to introduce convictions that occurred 9 - 14 years prior to the alleged conduct in this case. The government fails to indicate how being convicted for possessing a gun in 1991 is relevant to the question of knowingly

possessing a single bullet in 2005. Clearly, there is no connection between the defendant's prior convictions and the charges alleged in the instant indictment. Moreover, the government seeks to admit evidence of defendant's 9 year old drug convictions as evidence on the issue of motive. Drug dealing, especially 9 year old drug dealing, is not of itself probative of possession of a single bullet.

The government's reliance on United States v. Smith, 292 F.3d 90 (1st Cir. 2002) is misplaced. In Smith the First Circuit upheld the admission of defendant's drug dealing in order to thwart the defense of constructive possession. The Court specifically held that the evidence of defendant's drug dealing in the apartment where the gun was found was probative on the issue of whether the defendant constructively possessed the gun in that it linked Smith to the apartment. The facts of Smith are inapplicable to this case. Here, the issue of whether the defendant knowingly possessed the single bullet on February 27, 2005 is in no way elucidated by admission of his prior convictions for drug dealing. United States v. Currier, 821 F. 2d 52, 56 (1st Cir. 1987).

Finally, even if the defendant's prior convictions were marginally relevant on the issue of possession, the prejudicial impact far outweighs its probative value. As the government concedes, it may not use this evidence to try to show that Reylando Reyes was predisposed to commit the offense. "Evidence

of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The government states that the evidence is admissible to show motive or lack of mistake or accident. But as the First Circuit decided in <u>Currier</u>, admitting such evidence would be "to apply a blanket exception for admission of collateral narcotics evidence in every charged firearm offense, eviscerating the protections afforded by Rule 404(b)." <u>Currier</u>, 821 F. 2d at 56, fn. 6 (1st Cir. 1987).

The evidence of defendant's prior convictions are irrelevant to whether defendant knowingly possessed the single bullet charged in the instant indictment. The admission of such evidence would unduly prejudice Mr. Reyes and bias the jury to an extent that no limiting instruction could cure. Stale criminal convictions provide no assistance to the jury on the issue of knowingly possessing ammunition and the government seeks admission of said convictions for the sole purpose of tarring the defendant.

REYLANDO REYES
By his attorney,

/s/ Stylianus Sinnis
Stylianus Sinnis
   B.B.O. # 560148
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

<u>Certificate of Service</u>

    I, Stylianus Sinnis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 25, 2006.

                                          /s/ Stylianus Sinnis
                                          Stylianus Sinnis