```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | CRIMINAL NO. 05-10113-DPW |
| v. ) | |
| ) | |
| REYLANDO REYES, ) | |
| a/k/a REYLANDO RISE, ) | |
| a/k/a RAYNALDO RISE, ) | |
| a/k/a RAYLANDO RISE, ) | |
| a/k/a RAY RISE.       ) | |

**GOVERNMENT'S FIRST SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS**

The United States of America, by Assistant United States Attorney Antoinette E.M. Leoney, hereby files, pursuant to Fed. R. Crim. P. 30, its first supplemental request for jury instructions in the above-captioned case.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and/or the evidence presented to the jury.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney
                         By:
                              /s/Antoinette E.M. Leoney
                              ANTOINETTE EM. LEONEY
Dated: July 26, 2006          Assistant U.S. Attorney
```

**CERTIFICATE OF SERVICE**

```
Suffolk, ss.                       Boston, Massachusetts
                                   July 26, 2006
```

I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing, by electronic court filing, upon Stylianus Sinnis, Esq., Federal Defenders Office, 408 Atlantic Ave., Boston, MA

```
                              /s/Antoinette E.M. Leoney
                              ANTOINETTE E.M. LEONEY
```

**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1**
**(Issues Not Before the Jury)**

You have heard evidence from Boston police witnesses that they stopped the car in which the defendant was riding, questioned the defendant, removed the defendant from the vehicle, and after searching the defendant found ammunition [a bullet]. You have also heard evidence from the defendant himself [as well as witnesses called by the defense] that differs from the government's evidence on some of those issues.

You may use the conflicting defense evidence in assessing the credibility of the Boston police witnesses.  However, you may not use the conflicting evidence to try to determine whether the police had a right to stop the vehicle, ask the defendant questions, remove the defendant from the vehicle, or search the defendant.  Those are legal issues that are for the court to decide.  They are not issues that are before you or that you should either consider or decide.  For your purposes, you should not question the legality of the stop, the removal of the defendant from the vehicle, the search of the defendant or the propriety of the questioning.  You should assume that the officers acted legally.  It is only the court that can decide otherwise.

Ornelas v. United States, 517 U.S. 690, 699 (1996)(legality of searches and seizures are questions of law).