```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL NO. 05-10113-DPW
                              )
REYLANDO REYES                )
```

<u>DEFENDANT'S FIRST SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, defendant, Reylando Reyes, hereby files his first supplemental request for jury instruction. Defendant reserves the right to supplement or his requests.

```
                              REYLANDO REYES
                              By his attorney,

                              /s/ Stylianus Sinnis
                              Stylianus Sinnis
                                 B.B.O. # 560148
                              Federal Defender Office
                              408 Atlantic Ave., 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```

<u>Certificate of Service</u>

I, Stylianus Sinnis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 9, 2006.

```
                              /s/Stylianus Sinnis
                              Stylianus Sinnis
```

DEFENDANT'S REQUESTED SUPPLEMENTAL JURY INSTRUCTION NO. 1

Innocent Contact or Non-Criminal Possession

If you find that Mr. Rise attained the single bullet at issue in this case innocently and without illicit purpose you may find him not guilty. In determining whether Mr. Rise's possession of the single bullet was innocent you may take into consideration such factors as how he came into contact with the bullet; what his intent was with regard to the bullet; and the length of time he had the bullet. None of these factors is controlling and in the end it is for you to decide, using your common sense, whether Mr. Rise's possession of the bullet in this case was unlawful.

If at the conclusion of your deliberations you have a reasonable doubt about whether Mr. Rise's possession of the bullet was illicit and not for an innocent reason, you may acquit Mr. Rise. In the end, the correct verdict in this case will be reached by your use of your collective common sense and good judgment in making reasonable inferences and conclusions based on all the evidence presented to you.

United States v. Teemer, 394 F.3d 59 (1st Cir. 2005); United States v. Mason, 233 F. 3d 619 (D.C. Cir. 2001).